**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **NO. 3:15-CR-453-M** |
| ) | |
| **TAMEIRA JANELL SMITH** ) | |

**DETENTION ORDER**

Pursuant to *Special Order 3-251*, before the Court are the *Report of Violation of Conditions of Pretrial Release,* filed June 13, 2016 (doc. 40), and the Government's *Motion for Detention*, filed June 24, 2016 (doc. 45). Tameira Janell Smith (Defendant) was arrested and made her initial appearance on June 24, 2016. (*See* doc. 47.) She appeared in person for determination of whether her conditions of pretrial release should be revoked on June 30, 2015. Based on the evidence and applicable law, the Government's motion is granted, and Defendant's conditions of release are hereby revoked.

**I.**

On October 7, 2015, Defendant was charged by indictment with making harassing telephone calls in violation of 47 U.S.C. § 223. (*See* doc. 1.) She was arrested on October 13, 2015, and made her initial appearance on that date. (*See* doc. 6.) She was released on supervised pretrial release by *Order Setting Conditions of Release* dated October 14, 2015. (*See* doc. 14.) As part of her conditions, Defendant was required to obtain mental health treatment and to not commit any new crimes.

At the hearing, the Government's witness testified that she is an emergency room nurse. On June 7, 2016, she was asked to assist two other nurses at the emergency room with an uncooperative and difficult patient (Defendant) who was going to be admitted into the

psychiatric ward. Defendant refused to change into the hospital scrubs as required for her admission to the psychiatric ward. Based on Defendant's conduct, the hospital's police department was contacted. As the nurses tried to change her clothes, and when she removed Defendant's headband, Defendant struck the witness in the chest with her hand, injuring her and causing her to lose her balance. Defendant was subsequently found to have a razor blade hidden in her hair. Defendant has been charged at the state level for assaulting the nurse. She has been in and out of the hospital for treatment several times during her pretrial release, and her behavior as described by the witness is consistent with the testimony at the initial detention hearing.

## II.

A defendant's bond and release may be revoked pursuant to 18 U.S.C. § 3148(b) after a hearing if a judicial officer

(1)   finds that there is –

　　　(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

　　　(B) clear and convincing evidence that the person has violated any other condition of release; and

(2)   finds that –

　　　(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
　　　(B) the person is unlikely to abide by any condition or combination of conditions of release.

A finding of probable cause creates a rebuttable presumption that no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community. *Id.*

After considering the testimony, this Court finds under § 3148(b)(1)(A) that there is probable cause to believe that the defendant violated her conditions of pretrial release by committing a Federal, State, or local crime while on release.  Under § 3148(b)(2)(B), the Court also finds that there is no condition or combination of conditions of release that will assure the safety of the community.  Treatment has been ineffective, and Defendant has continued to place first responders and medical personnel at risk.

### III.

Defendant's conditions of release are hereby **REVOKED**, and she is ordered detained during the pendency of this action.

It is therefore ORDERED that Defendant be, and she is hereby, committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

Signed this 30th day of June, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE